1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JONATHAN BELLUSA,

          Plaintiff,

    v.

BOARD OF EDUCATION OF THE
OAKLAND UNIFIED SCHOOL
DISTRICT, et al.,

          Defendants.

Case No.: C-13-2930 JSC

**ORDER RE: DEFENDANTS'
MOTIONS TO DISMISS  (Dkt. Nos. 44,
46)**

      Plaintiff Jonathan Bellusa, a sergeant with the Oakland Unified School District (the "District") Police Department, filed this civil rights action alleging retaliation in violation of state and federal law by the Board of Education for the District, District General Counsel Jacqueline Minor, District Superintendent Anthony Smith, former District Chief of Police Peter Sarna, and interim District Chief of Police James Williams (collectively, "Defendants").

      Defendants move to dismiss three of Plaintiff's five claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Having carefully considered the

United States District Court
Northern District of California

parties' briefing, and having had the benefit of oral argument on March 20, 2014, the Court DENIES in part and GRANTS in part Defendants' motion with leave to amend.

## BACKGROUND

The Court summarized the factual allegations underlying this action in detail in its December 9, 2013 Order (Dkt. No. 42) which it incorporates by reference. In short, Plaintiff alleges that the District and its employees engaged in various acts of retaliation against Plaintiff in response to (1) his complaints regarding racist and derogatory remarks by Sarna, and (2) his refusal to testify untruthfully about a District police shooting.

In its previous Order dismissing the FAC in part, the Court denied Defendants' motion to dismiss the Title VII retaliation claim against the District and the Section 1983 retaliation claim against Williams. The Court dismissed the Section 1983 retaliation claim as to Smith, Sarna, and Minor, the Labor Code Section 1102.5 retaliation claim against the District, and the Education Code, Bane Act, and intentional infliction of emotional distress claims against all Defendants. Plaintiff subsequently filed his Second Amended Complaint ("SAC"). Defendants now move to dismiss three of the remaining five claims.

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and

United States District Court
Northern District of California

1  citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6)

2  authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

3        Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2),

4  under which a party is only required to make "a short and plain statement of the claim

5  showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions'

6  or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at

7  678 (quoting *Twombly*, 550 U.S. at 555.)  "[C]onclusory allegations of law and unwarranted

8  inferences are insufficient to defeat a motion to dismiss."  *Adams v. Johnson*, 355 F.3d 1179,

9  1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)

10  ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause

11  of action, but must contain sufficient allegations of underlying facts to give fair notice and to

12  enable the opposing party to defend itself effectively.").  The court must be able to "draw the

13  reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S.

14  at 663.  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-

15  specific task that requires the reviewing court to draw on its judicial experience and common

16  sense."  *Id.* at 663-64.

17                                    **DISCUSSION**

18        Defendants move again to dismiss the claims for retaliation in violation of 42 U.S.C.

19  Section 1983 (second claim for relief); retaliation in violation of Section 1102.5(c) for

20  Plaintiff's resisting demands that he alter his testimony (fourth claim for relief); and violation

21  of the Reporting by School Employees of Improper Government Activities Act, California

22  Education Code Section 44114 (fifth claim for relief).[1]

23  **I.     Section 1983 Retaliation by Chief Williams**

24        Plaintiff's second cause of action alleges that Chief Williams retaliated against him in

25  violation of 42 U.S.C. Section 1983 for exercising his First Amendment right to speak out

26

27  [1] Plaintiff initially identified Section 44113 as the source of his claim under the Reporting by School
    Employees of Improper Government Activities Act.  (SAC ¶ 20.)  In his Opposition, Plaintiff

28  concedes that the SAC was "inartfully pled" to the extent it stated a claim under Section 44113
    because Section 44114 provides the "relevant legal basis" for the claim.  (Dkt. No. 47 at 8.)

3

1   about a matter of public concern: Sarna's racially discriminatory conduct.  (SAC ¶ 86.)

2   Plaintiff alleges that as a result of the protected statements, Williams, without any

3   justification for doing so, subjected Plaintiff to a District internal affairs investigation. (SAC ¶

4   45.)  Defendants contend that an internal affairs investigation cannot constitute an adverse

5   employment action.

6           In its Order resolving Defendants' original motion to dismiss, the Court *denied*

7   Defendants' motion to dismiss the Section 1983 claim against Williams.  (Dkt. No. 42 at 11.)

8   Despite that ruling, Defendants move again to dismiss that claim without first seeking leave

9   to file a motion for reconsideration.  *See* Civil L.R. 7-9(a) ("No party may notice a motion for

10  reconsideration without first obtaining leave of Court to file the motion.")  For this reason the

11  Court denies the renewed motion to dismiss the retaliation claim against Williams.

12          Defendants' failure to raise the "adverse employment action" issue in their first motion

13  does not allow them to move for reconsideration of the Court's ruling.  To be entitled to bring

14  a motion for reconsideration in the first place a party must show that since the court's ruling a

15  material difference in fact or law has emerged or that the court failed to consider facts or

16  dispositive legal arguments presented to the court.  Civil L.R. 7-9(b).  Here, Defendants

17  simply failed to make an argument that they could have made.  Such argument will have to

18  wait until a motion for summary judgment or trial.  Therefore, the motion to dismiss the

19  Section 1983 retaliation claim is denied.

20  **II.      California Labor Code Section 1102.5(c) against the District**

21          Plaintiff's fourth cause of action alleges that in March 2012 the attorneys hired by the

22  District to represent Plaintiff and fellow officer Bhatt in a wrongful death action demanded

23  that Plaintiff commit perjury and that "official and agents" of the District retaliated against

24  him because of his refusal to do so.  (SAC ¶ 90.)  Section 1102.5(c) provides that "an

25  employer, or any person acting on behalf of an employer, shall not retaliate against an

26  employee for refusing to participate in an activity that would result in a violation of state or

27  federal statute, or a violation of or noncompliance with a local, state, or federal rule or

28  regulation."  To establish a prima facie case of retaliation under California's whistleblower

United States District Court
Northern District of California

statute, a plaintiff must establish: "(1) he engaged in protected activity; (2) his employer thereafter subjected him to an adverse employment action; and (3) a causal link between the two." *Turner v. City and County of San Francisco*, 892 F. Supp. 2d 1188, 1199 (N.D. Cal. 2012). The parties' dispute here concerns whether Plaintiff has pled a causal connection between the protected activity and any adverse employment actions.

In the context of Section 1102.5, an adverse employment action is present when the action is "one that materially affects the terms, conditions, or privileges of employment." *Dowell v. Contra Costa County*, 928 F. Supp. 2d 1137, 1155 (N.D. Cal. 2013). Plaintiff's allegation that the District rescinded his paid administrative leave and deprived him of salary and benefits indisputably constitute an adverse employment action.

The District nonetheless contends that Plaintiff's Section 1102.5 claim fails as a matter of law because Plaintiff cannot satisfy the third element of his prima facie case: a causal link between the protected activity and the adverse employment actions. "Causation may be inferred from circumstantial evidence, including the employer's knowledge that the [employee] engaged in protected activities and the proximity in time between the protected action and allegedly retaliatory employment decision." *Dowell*, 928 F. Supp. 2d at 1156 (internal quotation marks omitted). "Essential to a causal link is evidence that the employer was aware that the plaintiff had engaged in the protected activity." *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982). The District insists that Plaintiff fails to sufficiently allege that the District was aware of Plaintiff's protected activity and thus has not pled a causal link. The Court disagrees.

Viewing the allegations in the light most favorable to Plaintiff, the District's attorneys threatened that if Plaintiff did not make his testimony consistent with Bhatt's account of the shooting, they would pursue perjury charges against him, and the District would withdraw its defense and indemnity of him and hold him liable for attorney's fees. The attorneys continually requested meetings with Plaintiff, and Plaintiff repeatedly refused. The District then withdrew Plaintiff's paid administrative leave. These facts plausibly allege that the District withdrew Plaintiff's paid leave because of his refusal to cooperate with District

attorneys and make his testimony consistent with Bhatt's.  Defendants' motion to dismiss the Section 1102.5(c) claim is therefore denied.

The District's reliance on *Lynn v. Superior Court*, 180 Cal. App. 3d 346, 348 (1986) is unavailing.  The only question in *Lynn* was whether a client could be held vicariously liable for his attorney's tortious conduct.  The court held that because attorneys act in the capacity of independent contractors, their conduct cannot be imputed to their clients. Here, Plaintiff is seeking to hold the District liable for *its* own conduct; namely, eliminating Plaintiff's paid administrative leave.  The allegations regarding the attorneys' conduct support a plausible inference that the District's conduct was retaliatory, but their conduct is not the conduct for which Plaintiff seeks to hold the District liable.

## III.   California Education Code Section 44114 against Minor and Williams

Section 44114(c) of the Reporting by School Employees of Improper Government Activities Act prohibits a person from acts of "reprisal, retaliation, threats, coercion, or similar acts against a public school employee."  Plaintiff's fifth claim for relief alleges Defendants Minor, Smith, Sarna, and Williams violated the Act in response to Plaintiff's disclosure of Sarna's racist comments and Plaintiff's refusal to give false testimony.  (SAC ¶ 92.)

Defendants move to dismiss on five grounds: (1) Section 44114(c) subjects only school districts to liability; (2) Plaintiff is not a public school "employee" as required and defined by the Code; (3) Plaintiff has failed to plead facts showing that Defendants committed the conduct alleged; (4) to the extent the claim relies on the conduct of counsel, the attorney's comments are protected by privilege; and (5) to the extent Plaintiff relies on the conduct of counsel, the attorneys are not public school "employer[s]" as required under Section 44114.

Plaintiff concedes that his Section 44114 claim should be dismissed as to Smith.  (Dkt. No. 47 at 9.)  In addition, Plaintiff does not contest the motion to dismiss filed by Sarna. (Dkt. No. 49.)  Thus, at issue before the Court is whether Plaintiff sufficiently states a Section 44114 claim against Minor and Williams.

6

**A.      Section 44114(c) Subjects Individuals to Liability**

Defendants' contention that Section 44114(c) "subjects only school districts to liability" (Dkt. No. 50 at 8) is incorrect.  Section 44114(c) imposes liability on a "*person* who intentionally engages in reprisal, retaliation, threats, coercion, or similar acts against a public school employee . . . for making a protected disclosure."  Cal. Educ. Code § 44114(c) (emphasis added).  Defendants' reliance on *Harnett v. Crosier*, 205 Cal. App. 4th 685, 689 (2012) and *Conn v. Western Placer Unified School Dist.*, 186 Cal. App. 4th 1163, 1177 (2010) is misplaced.  The *Harnett* court held that a Section 44114(c) claim can be brought against a person who is not a "management employee."  205 Cal. App. 4th at 694.  *Conn* merely held that a Section 44114(c) claim can be brought against a school district, not that Section 44114(c) subjects *only* districts to liability notwithstanding the plain language of the statute.  186 Cal. App. 4th at 1175.  It follows that the claim can be brought against Minor and Williams in their individual capacities.

**B.      Plaintiff may be an "Employee" as Defined by Section 44114**

Section 44114 prohibits retaliatory acts against "public school employees."  Cal. Educ. Code § 44114(c).  A "public school employee" is "a person employed by a public school employer except persons elected by popular vote, persons appointed by the Governor of this state, *management employees*, and confidential employees."  Cal. Educ. Code § 44112(a); Cal. Gov't. Code § 3540.1(j) (emphasis added).  A "[m]anagement employee" is "an employee in a position having significant responsibilities for formulating district policies or administering district programs."  Cal. Gov't. Code § 3540.1(g).

Defendants argue Plaintiff was a management employee, thus precluding him from stating a claim under Section 44114.  The allegations of the complaint do not compel such a conclusion.  Plaintiff was "promoted to police sergeant in 2008" (SAC ¶ 16), was "stripped of his supervisory responsibilities" following his complaints regarding Sarna (*Id.* ¶ 32), and was investigated for "breach of supervision responsibilities."  (*Id.* ¶ 45).  Although the SAC's allegations suggest that Plaintiff was a supervisory employee, they do not establish that he was a management employee.  "Unlike management employees, a supervisory employee is

1   not exempt from the definition of employee in Government Code section 3540.1 and hence is

2   not exempt from liability under section 44113" *Conn*, 186 Cal. App. 4th at 1176 or barred

3   from bringing a claim under Section 44114.

### C.      Failure to Allege Sufficient Facts

5       While the requirements for a claim for liability under Section 44114(c) are

6   straightforward—an allegation that a person intentionally retaliated against a public school

7   employee for making a protected disclosure—Plaintiff cannot state such a claim without any

8   factual allegations supporting the claim.  *See Iqbal,* 556 U.S. at 678; *see also Starr v. Baca,*

9   652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not

10  simply recite the elements of a cause of action, but must contain sufficient allegations of

11  underlying facts to give fair notice and to enable the opposing party to defend itself

12  effectively.").

### 1.      Plaintiff Fails to Allege Facts Supporting the Claim Against Minor

14      Plaintiff contends that Minor acted in violation of Section 44114(c) in response to both

15  Plaintiff's disclosure of Sarna's racist comments and his refusal to alter his testimony.

16  Defendants first argue that Plaintiff has not alleged facts supporting an inference that Minor

17  retaliated against Plaintiff for his disclosure of Sarna's racist conduct.  The Court agrees.  The

18  sole allegation against Minor subsequent to the disclosure of Sarna's remarks is that Minor

19  instructed Pete Peterson to place Plaintiff on administrative leave for medical reasons.  (SAC

20  ¶ 43.)  As previously explained, because Plaintiff alleges that his own doctor placed him on

21  medical leave, this conduct cannot support the basis of a section 4114 claim against Minor.

22      Plaintiff's claim against Minor also fails to the extent it is based on Plaintiff's refusal

23  to commit perjury.  Plaintiff does not identify any act of retaliation by Minor; instead, he

24  identifies the District's attorneys' threats and argues that Minor must have directed the

25  attorneys to make the threats and that those threats constitute Minor's retaliation.  This

26  allegation is insufficient for several reasons.

27      First, it is not reasonable to infer that Minor told the attorneys to make the threats

28  merely because she is the District's General Counsel.  Plaintiff's argument that the attorneys

1  may be considered the "cat's paw" for Minor such that "Minor may be held responsible for

2  [their] unlawful conduct" (Dkt. No. 47 at 14) is unpersuasive.  The "cat's paw" theory is

3  generally applied to impute the animus of a subordinate employee to the ultimate

4  decisionmaker behind the adverse employment action where the decisionmaker "acted as a

5  rubber stamp, or the 'cat's paw,' for the subordinate employee's prejudice."  *Laxton v. Gap*

6  *Inc.*, 333 F.3d 572, 584 (5th Cir. 2003).  Plaintiff fails to offer any support for the proposition

7  that the theory can be inverted to impute a superior's animus to a subordinate employee.

8  Further, even if the theory can be inverted, Minor's position of superiority, alone, does not

9  suffice to support an inference that the attorneys acted as the "cat's paw" for Minor's

10  prejudice.  *See Poland v. Chertoff*, 494 F.3d 1174, 1183 (9th Cir. 2007) (holding that bias will

11  be imputed where the biased party "influenced, affected, or was involved in the adverse

12  employment decision").  Because Plaintiff has not alleged facts sufficient to infer that Minor

13  directed the attorneys' conduct, Minor cannot be held liable for their conduct.

14        Second, even if Minor could be charged with directing such threats, Plaintiff does not

15  address Defendants' argument that the claim would be barred by the litigation privilege of

16  California Civil Code section 47(b).  Section 47(b) "establishes an absolute privilege" for

17  statements made in a legal proceeding and "bars all tort causes of action based on them except

18  a claim for malicious prosecution."  *Brown v. Dep't of Corrections*, 132 Cal. App. 4th 520,

19  525 (2005) (internal quotation marks omitted); *see Oren Royal Oaks Venture v. Greenberg,*

20  *Bernhard, Weiss & Karma, Inc.*, 42 Cal.3d 1157, 1168 (1986) ("The privileges of Civil Code

21  section 47, *unlike evidentiary privileges which function by the exclusion of evidence . . .*

22  operate as limitations upon liability.").  Unlike the Section 1102.5 claim where Plaintiff relies

23  on the attorneys' statements as evidence for his claim, here, the statements provide an

24  essential element of the claim.  Thus, the litigation privilege applies.

25        Accordingly, the Court grants the motion to dismiss as to Minor.  As Plaintiff does not

26  contend that he can identify conduct other than the threats as acts of reprisal by Minor, the

27  motion is granted without leave to amend.

28  //

9

United States District Court
Northern District of California

1

### 2.    Plaintiff Alleges Sufficient Facts Against Williams

The basis of Plaintiff's Education Code Section 44114(c) claim against Williams is the same as his Section 1983 retaliation claim: just three weeks after Plaintiff's disclosure of Sarna's racial discrimination, Williams—without any justification for doing so—subjected Plaintiff to an internal affairs investigation.  (*Id.* ¶ 45.)

Williams moves to dismiss this claim on the same ground as the Section 1983 retaliation claim; namely, that subjecting one to an internal affairs investigation is not an adverse employment action.  Section 44114(c) on its face, however, is not limited to actions that constitute adverse employment action; instead, it prohibits "acts of reprisal, retaliation, threats, coercion or similar acts."  As Williams does not provide any analysis as to what constitutes those acts under Section 44114(c), he has not met his burden of proving as a matter of law that instigating an internal affairs investigation is not, under any circumstances, an act of reprisal, retaliation, a threat, coercion or a similar act within the meaning of Section 44114(c).

Williams's assertion that the SAC fails to allege facts that preclude the possibility that the investigation was based on legitimate alternative explanations is beside the point.  At this stage, Plaintiff is not required to prove that no other reasonable basis for the investigation existed or that Williams accused Plaintiff of lying; Plaintiff must merely plead facts that plausibly support the claim for relief under Section 44114(c).  As discussed above, Plaintiff's allegation that Williams initiated the internal affairs investigation without proper justification" plausibly suggests that Williams retaliated against Plaintiff for his disclosure of Sarna's racist comments.

### CONCLUSION

For the reasons explained above, the Court:

- DENIES  the motion to dismiss the Section 1983 retaliation claim against Williams;

- DENIES the motion to dismiss the Section 1102.5 whistleblower retaliation claim against the District;

- DENIES the motion to dismiss the Section 44114(c) claim as to Williams and Smith;

United States District Court

Northern District of California

1   • GRANTS the motion to dismiss the Section 44114 claim as to Minor without leave to

2   amend; and

3   • GRANTS Sarna's unopposed motion to dismiss in its entirety without leave to amend.

4   The remaining defendants shall answer the Second Amended Complaint within 30 days of

5   this Order.

6       This Order disposes of Docket Nos. 44 and 46.

7       **IT IS SO ORDERED**.

8

9   Dated:  March 21, 2014

10      _____

        *Jacqueline S. Corley*

11      JACQUELINE SCOTT CORLEY

        UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28